IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEVEN A. MAYNARD,

        **Plaintiff,**

v.                                        **Case No. 3:21-cv-00506**

ALFRED FERGUSON;
COURTNEY CRAIG,[1]

        **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

In September 2021, Plaintiff Steven A. Maynard ("Maynard"), proceeding *pro se,* filed a Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious

---

[1] Mr. Craig's first name is properly spelled Courtenay and will be spelled correctly throughout this document.

1

claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). For the reasons set forth below, the undersigned **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, (ECF No 2); **DENY** the Application to Proceed Without Prepayment of Fees and Costs as moot, (ECF No. 1); and **REMOVE** this case from the docket of the Court.

I.   **Relevant History**

Maynard, who is currently incarcerated at the Western Regional Jail and Correctional Facility ("WRJ") in Barboursville, West Virginia, initiated the instant action on September 8, 2021. In the complaint, Maynard alleges that he was incarcerated from January 20, 2020 until January 2021. During that time period, Maynard retained Defendant Courtenay Craig ("Craig") to represent him on the pending criminal charges. (ECF No. 2 at 4). Maynard complains that Craig filed only two motions during a twelve-month period, including a motion to reduce bond and a motion to dismiss under the two-term indictment rule. Maynard contends that co-defendant, Cabell County Circuit Judge Alfred Ferguson, refused to dismiss the case, despite the State's failure to timely indict Maynard, and did not agree to reduce his bond amount until January 8, 2021. (*Id.* at 4-5). Maynard claims that Judge Ferguson threatened to jail Maynard again unless he entered a guilty plea on January 20, 2021. Maynard further states that in July 2021, Craig's representation was terminated, and Judge Ferguson appointed a different attorney to represent Maynard. (*Id.* at 5). Maynard asks for reimbursement of his $1000 retainer fee and compensation for Judge Ferguson's refusal to promptly address the

motion to dismiss under the two-term indictment rule. (*Id.* at 5-6).

## II. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court of the United States ("Supreme Court") further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as … factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

3

not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679.

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

Having reviewed Maynard's complaint, the undersigned **FINDS** that the complaint fails to state a viable federal claim against either defendant and should be dismissed. Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil and constitutional rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." *Id.* The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)) (internal markings omitted). Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 171-172 (1961), *overruled on other grounds by* 436 U.S. 658.

In order to state a cause of action under § 1983, a plaintiff must present facts showing that: (1) a person deprived the plaintiff of a federally protected civil right,

privilege or immunity and (2) that the person did so under color of State law. *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *see also American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. *Id.* at 50.

### A. *Judge Alfred Ferguson*

Judge Ferguson is not a proper defendant in this case, because "judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983" even if such acts were allegedly done maliciously, corruptly, or in bad faith and no matter "how erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted); *Plotzker v. Lamberth*, No. 3:08-cv-00027, 2008 WL 4706255, at *4 (W.D. Va. Oct. 22, 2008) (citations omitted). "Judicial immunity is an absolute immunity: it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely." *Lemon v. Hong*, No. CV ELH-16-979, 2016 WL 3087451, at *4 (D. Md. June 2, 2016) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). This long-standing common law doctrine is "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity ensures that while a judge's actions are "subject to correction on appeal or other authorized review," they do "not expose him to a claim for damages in a private action, or put him to the trouble and expense of defending such an action." *Chu*

5

*v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985).

There are only two conditions in which judicial immunity does not apply to bar a § 1983 claim for money damages: (1) if the judge acted in the "clear absence of all jurisdiction" or (2) the judge's action was not a "judicial act." *King*, 973 F.2d at 356-57. Under the first condition, "[a] distinction is drawn between acts that are performed in 'excess of jurisdiction' and those performed in the 'clear absence of all jurisdiction over the subject-matter,' with the former type of act accorded immunity." *Id*. Therefore, the question is "whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him, and, in answering that question, the scope of the judge's jurisdiction must be construed broadly." *Id.* at 357 (internal quotations and markings omitted).

As to the second condition, in determining whether the act at issue was a "judicial act," the Court examines "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." *Id*. Notably, "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her exercise of authority is flawed by the commission of grave procedural errors." *Id*. Such "errors do not render the act any less judicial, nor permit a determination that the court acted in the absence of all jurisdiction." *Id*.

In the instant action, Maynard does not include any allegations in his complaint indicating that Judge Ferguson acted outside of the jurisdiction of the Circuit Court of Cabell County, or that he took an action that was not judicial. Indeed, Maynard argues that he was wrongfully incarcerated in violation of his right to a speedy trial when Judge Ferguson failed to rule on a pending motion to dismiss under the two-term indictment rule. Maynard further complains that Judge Ferguson was slow to rule on the motion to

6

reduce bond, encouraged Maynard to plead guilty to a criminal charge, and replaced Maynard's retained counsel with appointed counsel. All of the actions allegedly taken by Judge Ferguson—considering motions, determining bond, discussing a criminal plea, and removing and appointing criminal defense counsel—are clearly judicial acts taken within the scope of the Circuit Court's jurisdiction. Consequently, the undersigned **FINDS** that Judge Ferguson is entitled to dismissal on the basis of judicial immunity.

### B. Courtenay Craig

The law is well established that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing the traditional functions of a lawyer and, therefore, is not amenable to suit under § 1983. *Grondin v. Wood Co. Prosecutors Office*, No. 6:13-CV-11095, 2014 WL 794257, at *15 (S.D.W. Va. Feb. 27, 2014) (citing *Polk County v. Dodson,* 454 U.S. 312, 317–24) (stating that public defenders representing defendants in criminal proceedings do not act under the color of state law for § 1983 purposes); *Hall v. Quillen,* 631 F.2d 1154, 1155–56, n. 2, 3 (4th Cir. 1980) (holding that court-appointed counsel does not act under the color of state law for § 1983 purposes); *Deas v. Potts,* 547 F.2d 800, 800 (4th Cir. 1976) (finding that private counsel retained by a defendant in criminal proceedings does not act under the color of state law for § 1983 purposes); *Thomas v. Savage*, No. CV RDB-18-2952, 2018 WL 4777628, at *2 (D. Md. Oct. 3, 2018) ("An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983."). In this case, Defendant Craig was retained by Maynard to represent him in a criminal proceeding. All of Maynard's complaints against Craig stem from that representation. Therefore, Craig was not a state actor and cannot be sued under § 1983.

In order for an individual to file suit in federal court, the court must have subject matter jurisdiction over the dispute alleged in the complaint. Subject matter jurisdiction in federal court must be based on at least one of two possible grounds: (1) "federal question" jurisdiction, or (2) "diversity" jurisdiction. Federal question jurisdiction is established when the claim asserted by the plaintiff arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.  Maynard's claim against Craig, which is not a constitutional violation under § 1983, is best described as a garden variety breach of contract claim, or claim of legal malpractice. Neither of those causes of action constitutes a federal question sufficient to trigger subject matter jurisdiction in this Court. Rather, they are both claims that should be brought in a court of the State of West Virginia.

Diversity jurisdiction under 28 U.S.C. § 1332 applies when "the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Maynard carries the burden of establishing that this Court has subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)). Here, Maynard includes no allegations in the complaint demonstrating that Judge Ferguson and Courtenay Craig reside in a state other than West Virginia. To the contrary, Maynard indicates that he is incarcerated in West Virginia; Judge Ferguson is a judge in Cabell County, West Virginia; and Courtenay Craig was locally retained by Maynard to represent him in a criminal proceeding pending in the Circuit Court of Cabell County, West Virginia. Thus, in the absence of factual allegations establishing subject

8

matter jurisdiction, the undersigned **FINDS** that the complaint against Defendant Craig should also be dismissed.

## IV.     Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, (ECF No 2); **DENY** the Application to Proceed Without Prepayment of Fees and Costs as moot, (ECF No. 1); and **REMOVE** this case from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** November 30, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge